O’Neall, J.
delivered the opinion of the Court.
The question in this case arises out of the fact, that the sheriff of York District, was a debtor to the State, for money, which he had collected under execution against C. M. Hart, a defaulting tax collector. For the money so collected, judgment was obtained against the sheriff, and other judgments either elder, or of equal date, were also recovered against him by different persons. The sheriff is insolvent; and it is contended that the State, is intitled to be preferred to the other judgment creditors.
The preference is claimed on the ground, that in England it is a branch of the King’s prerogative: but it is one, which I rejoice to have it in my power to say, has not been extended to the State. It may be, that in its origin it is to be found in the common law; but by magna charta, and by statutes passed in every reign, it has been modified, and regulated, until the king’s right, to be paid in preference to his subjects, depends now altogether on statute. It is however not to be applied here, where none of these statutes have been máde of force. If, however, it were a common law prerogative of the crown, it does not follow that it has been transferred to the State. It cannot be, that the incidents of royalty are to adhere to the vestal of republicanism, when she has trod the diadem of kings under her feet, and broken the sceptre of power'. Monarchy is strictly a government for the benefit of the king. A republic, on the other hand, is a government for the protection of the citizen against the exercise of all unjust power. It is a government administered by a few, as the representatives of the people, and for their benefit. With this as the cardinal object of the State government, it has no privileges, but such as are conferred upon it by the Constitution,by act of the Legislature, or such as are necessary for the due administration of the government. I am free to confess, that I *600 shbuld be little disposed to extend the exclusive privileges of th£State, as between her and her citizens. A strict construction of power, and a strict limitation of its exercise, are perhaps the best safeguards of the governed against the governors. That the State may, by direct legislation give herself the preference claimed, is not denied: and the answer to the present application is, that she has not given it.
í*. L. 494.
It is said, however, to be incident to sovereignty, that the so-* vereign’s debt must be first paid. This is true after the sovereign has so willed, and the reason why it- is allowed in' a monarchy, may be, that the king’s interest and will must be identical. But in a republican government, the will of the sovereign people is only to be ascertained by the acts of the Legislature. If it were true, that it is an incident to sovereignty, why is it that the United States’ government, which is unquestionably sovereign, as to the management of the revenue to be collected under the consti-' tution, have found it necessary to pass acts,- giving to' a' debt due' to the government the preference now claimed for the debt of the State; and that in the construction of these acts, the United States’ Courts have confined the preference to the cases described by the acts 1 If it were a common law incident of sovereignty, legislation would would have been unnecessary, and judges would have been bound to admit the preference without it. United States v. Fisher, 2 Cranch 358. U. S. v. Hooe, et al. 3 Id. 73. Prince v. Bartlett, 8 Id. 431. U. S. v. Bryan and Woodcock, 9 Id. 374. Thelusson v. Smith, 2 Wheat. 396. U. S. v. Howland, 4 Id. 108.
It is true, there may be debts, which have a lien on property, such as taxes, which must be paid to the State in preference to all others. And this I think points to the meaning of the terms “ debts due to the public,” which, by the act of 1789, are to be preferred in the order of paying the debts of a deceased person. Debts which are due to the State, as á sovereign, aud for the protection of both, the citizen and property, are infilled to a pre-’ 'ference; but debts which arise ex contractu, and which are' therefore due to her in her corporate capacity, or debts which arise ex delicto'; and which are the punishment of the law for misdemeanors, Cannot be intitled to any preference over the debts due to citizens. Bank of the State v. Gibbes, 3 M’C. 377. But if it were Conceded that the terms debts dm to' tte *601 public include all debts due to the State in the case of a deceased person, still the fact, that the Legislature have confined the preference of the State to this single case, negatives its extension beyond it.
P. L. 83.84; 489.
Another view arises out of other acts of the Legislature. Judgments create a lien on the land of the debtor, from the day on which they are signed by the clerk; and executions on his goods and chattels, from the day on which they are lodged in the sheriff’s office. If it had been intended to preserve the State’s preference, the Legislature should have made the exception. Not having done so, it is fair to conclude, that they intended, that the judgments and executions of the State should rank according to the provisions of these laws. I am satisfied therefore, that the circuit decision is correct.
Johnson, J. and Martin, J. sitting for Harper, J. Concurred;
Motion refused.